**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| WM CAPITAL PARTNERS XXIII, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-defendant, | ) | |
| | ) | |
| v. | ) | Case No. 2-12-cv-0027 |
| | ) | |
| MAPLE LEAF DEVELOPMENT, L.L.C., | ) | JUDGE SHARP |
| LARRY E. PATTERSON, MATT C. | ) | |
| CALDWELL, and RAYMOND K. MAYS, | ) | MAGISTRATE JUDGE KNOWLES |
| | ) | |
| Defendants/Counter-claimants. | ) | |

**INITIAL CASE MANAGEMENT ORDER**

A.    JURISDICTION:    The court has jurisdiction pursuant to 28 U.S.C. § 1332.

B.    BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF/COUNTER-DEFENDANT:

(a) *Plaintiff*:  In 2005, Defendant Maple Leaf Development, LLC ("Maple Leaf") procured a loan from U.S. Bank National Association ("US Bank") for the purchase and development of a commercial real estate project.  In consideration for that loan, Defendants Matt C. Caldwell, Raymond K. Mays and Larry E. Patterson (collectively, with Maple Leaf, the "Defendants") provided unconditional personal payment guaranties.  Ultimately, U.S. Bank assigned to WM Capital Partners XXIII, LLC ("WM Capital") its rights and interest in the note, the guarantees, the loan and the other related documents and contracts evidencing the loan.  The loan has matured and currently is in default, but Defendant Maple Leaf has failed to pay WM Capital the money it borrowed.  Defendants Caldwell, Mays, and Patterson have also failed to honor their

1

unconditional guarantees. These failures to pay WM Capital constitute breaches of contract, and Defendants have no credible defenses or affirmative defenses to WM Capital's claims against them.

(b) *Counter-Defendant*: Defendants' counterclaims alleging breaches of contract and fiduciary duty fail to state a claim for which this Court can grant relief. The Defendants have not alleged the existence of an enforceable contract that has been breached, nor have the Defendants alleged any special facts or circumstances showing the existence of a fiduciary relationship between WM Capital and Defendants. No such obligation or duty exists or existed. But even if the purported contractual obligation and fiduciary duty alleged to have been breached did exist, Defendants claims are barred by Tennessee law. Indeed, Defendants' fiduciary-duty claim is foreclosed by the applicable three-year statute of limitations, and Defendants' breach-of-contract claim is barred by the parol-evidence rule and the statute of frauds. Finally, even if Defendants had stated a claim that was not barred as a matter of law, Defendants expressly released and waived those claims by executing no less than thirteen separate agreements. Moreover, WM Capital is not a proper defendant and is not liable for U.S. Bank's actions as a matter of law and fact. Defendants also have suffered no damages. Accordingly, Defendants are not entitled to any relief and are liable for the fees and expenses WM Capital has and continues to incur in defense of Defendants' accusations.

2) DEFENDANTS/COUNTER-CLAIMANTS:

WM Capital is not a holder in due course. Therefore, WM Capital is subject to all defenses and claims Defendants/Counterclaimants can assert against U.S. Bank. U.S. Bank breached its obligation under the loan documents by disbursing money to another customer of U.S. Bank, Stonehenge Developers, LLC without properly monitoring the application of the disbursements and/or in violation of its contractual obligations. In addition to violating its

2

contractual obligations, U.S. Bank breached its implied obligation of good faith and fair dealing to the detriment of the Defendants/Counterclaimants.

As a consequence of U.S. Bank's misfeasance or malfeasance, a mechanic's and materialman's lien in the approximate amount of $986,500.00 was imposed against the Defendants/Counterclaimants' real property which was collateral for the Defendants/Counterclaimants' loan to U.S. Bank that is the subject of this litigation. The existence of the lien encumbering the property has adversely affected the Defendants/Counterclaimants' ability to develop and market their real property or reduce the loan.

As a consequence of this, the Defendants/Counterclaimants have incurred additional holding costs including but not limited to loans, fees, interest, property taxes and insurance. Moreover, the existence of the lien has presently diminished the value of the Defendants/Counterclaimants' real property and impaired the value of U.S. Bank's collateral for its loan.

U.S. Bank knew that the loan it made to the Defendants/Counterclaimants was insufficient to permit them to develop the real property which was collateral for their loan. The balance of the funds necessary to develop the real property was to be provided through another loan made by U.S. Bank to another of its customers, Stonehenge Developers, LLC.

While disbursements from the Defendants/Counterclaimants' loan were used to pay development expenses, U.S. Bank either through misfeasance or malfeasance never required Stonehenge Developers, LLC to contribute its share of the development expenses and failed to notify the Defendants/Counterclaimants of these circumstances.

U.S. Bank had a special duty to counsel the Defendants/Counterclaimants about these circumstances because it knew that the Defendants/Counterclaimants reposed their trust and confidence in it. This fiduciary relationship between U.S. Bank and the Defendants/Counterclaimants required perfect good faith.

The Defendants/Counterclaimants' claims are neither barred by any relevant statute of limitation nor are they waived or released because U.S. Bank assured the Defendants/Counterclaimants its misfeasance or malfeasance would be remedied by the continued renewal of the loan for a sufficient time to resolve all lien claims. Despite these assurances by U.S. Bank, it sold the Defendants/Counterclaimants loan to WM Capital for less than the Defendants/Counterclaimants were willing to pay for its purchase.

This conduct has subjected the Defendants/Counterclaimants to the claims in this litigation made by WM Capital and has exposed the Defendants/Counterclaimants to liability in excess of their original exposure under the terms of the loan with U.S. Bank. As a consequence the Defendants/Counterclaimants are entitled to damages at least in the amount of the lien and holding costs or in the alternative, the Defendants/Counterclaimants are entitled to a set off or to recoup any amount in excess of that which WM Capital paid for the Defendants/Counterclaimants' loan.

C.      ISSUES RESOLVED:      Jurisdiction and venue.

D.      ISSUES STILL IN DISPUTE:      Liability and damages.

E.      INITIAL DISCLOSURES:    The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before September 3, 2012.

F.      DISCOVERY:      The parties shall complete all written discovery and depose all fact witnesses on or before December 15, 2012. Discovery is not stayed during dispositive motions,

unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Discovery motions are to be filed in accordance with the practice of the Magistrate Judge who will resolve any dispute(s).

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before October 15, 2012.

H. DISCLOSURE OF EXPERTS: The parties do not anticipate the use of experts in this matter.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties do not anticipate the use of experts in this matter.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before January 31, 2013.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before January 18, 2013. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Briefs shall not exceed twenty (20) pages. Optional replies may be filed within fourteen (14) days after the filing of the response and shall not exceed five (5) pages.

L. ELECTRONIC DISCOVERY: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M.        TRIAL DATE AND ESTIMATED TRIAL TIME:   The parties expect the trial to last approximately 2 days.  This action is set for a BENCH trial on April 30, 2013 (Cookeville) and for a final pretrial conference on April 8, 2013 at 1:30 p.m (Nashville).

IT IS SO ORDERED.

KEVIN H. SHARP
U.S. District Judge

APPROVED FOR ENTRY BY:

s/ Seth M. McInteer
Milton S. McGee, III (BPR # 24150)
Seth M. McInteer (BPR # 26471)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
tmcgee@rwjplc.com
smcinteer@rwjplc.com
(615) 320-3700

*Attorneys for Plaintiff/Counter-Defendant*

s/ Robert L. DeLaney (w/ permission)
Robert L. DeLaney (BPR # 4319)
Tune, Entrekin & White, P.C.
Regions Center, Suite 1700
315 Deaderick Street
Nashville, Tennessee 37238
rdelaney@tewlawfirm.com
(615) 244-2770

Mark E. Morrison (BPR # 11620)
Grissim & Hodges
323 Union Street, 4th Floor
Nashville, TN 37201
(615) 255-7496

*Attorneys for Defendants/Counter-Claimants*

6